James A. Willhite, Jr. (ID #35954)
Fidelity National Law Group
1515 Market Street, Suite 1410
Philadelphia, PA 19102
Phone: (267) 608-1726
Fax: (215) 241-8794
James.Willhite@fnf.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**HAYDEN HOLDINGS, LTD**

**Plaintiff,**

**vs.**

**NO. 2:24-CV-02204**

**FIDELITY NATIONAL TITLE INSURANCE COMPANY,**

**Defendant.**

# ANSWER TO COMPLAINT

Defendant Fidelity National Title Insurance Company ("Fidelity"), by and through its undersigned counsel, Answers the Complaint as follows:

## INTRODUCTION

1. Admitted that Plaintiff Hayden Holdings, LTD ("Hayden") purports to bring this action for breach of a Fidelity title insurance policy on the real property at 47-49 Bethlehem Pike, Philadelphia, PA 19118. Fidelity denies that the Policy has been breached.

## BACKGROUND

2. Admitted upon present information and belief.

3. Admitted.

4. Admitted that Hayden acquired the subject property on December 17, 2010 and that a copy of the Deed is attached to the Complaint. Except as expressly admitted above, the averments of this paragraph are denied.

5. Admitted that in connection with Hayden's acquisition of the subject property, Fidelity Policy No. PA2956-10-PAFN10-5580-2010.2730638-82482851 was issued to Hayden by Land Services USA, and that a copy of the Policy is attached to the Complaint. Except as expressly admitted above, the averments of this paragraph are denied.

6. Admitted.

7. Admitted in part, denied in part. Admitted that Top of the Hill Plaza Partners, LP commenced suit in the Court of Common Pleas, Philadelphia County, at No. 140500147 against Hayden and others on or about May 5, 2014 ("the Lawsuit"). The Complaint in the Lawsuit is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

8. Admitted.

9. Admitted in part, denied in part. Admitted that the trial court in the Lawsuit entered a Permanent Injunction Order dated June 29, 2017. That Permanent Injunction Order is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

10. Admitted.

11. Admitted in part, denied in part. Admitted that the Superior Court issued a Memorandum in the Lawsuit dated April 28, 2020. The Superior Court's Memorandum is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

12. Admitted.

13. Admitted that this paragraph correctly quotes ¶8(a) of the Policy.

14. Admitted that this paragraph correctly refers to ¶8(b) of the Policy.

15. Admitted that this paragraph correctly refers to ¶9(b) of the Policy

16. Admitted that this paragraph correctly refers to ¶12 of the Policy

17. Denied. Under ¶12 of the Policy, payment was due within thirty days of the date when both liability and the extent of loss or damage have been definitely fixed.

18. Admitted in part, denied in part. Admitted that a copy of the May 5, 2020 letter is attached to the Complaint. The letter is a writing that speaks for itself, and any characterizations of the contents of that writing are denied. It is further denied that Fidelity "offered" $33,000 to Hayden. Rather, Fidelity paid Hayden $33,000, pursuant to a DIV appraisal report, which was enclosed with the May 5, 2020 letter and which calculated the difference, on two dates, of the value of the title as insured and the value of the title subject to the risk insured against by the Policy.

19. Admitted in part, denied in part. Admitted that the May 5, 2020 letter enclosed an appraisal report. The appraisal report is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

20. The appraisal report is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

21. The appraisal report is a writing that speaks for itself, and any characterizations of the contents of that writing are denied.

22. Denied. Fidelity has paid Hayden $33,000, which is the amount of its liability as fixed by the Policy, and Fidelity is not liable for additional or greater payment.

23. Denied. Fidelity has paid Hayden $33,000, which is the amount of its liability as fixed by the Policy, and Fidelity is not liable for additional or greater payment.

24. After reasonable investigation, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Complaint.

25. After reasonable investigation, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Complaint.

26. Denied. Fidelity has paid Hayden $33,000, which is the amount of its liability as fixed by the Policy, and Fidelity is not liable for additional or greater payment.

**COUNT I—BREACH OF CONTRACT**

27. Fidelity incorporates herein by reference ¶¶1-26 of this Answer.

28. Denied. Fidelity incorporates the averments of ¶17 of this Answer.

29. Denied. Fidelity has paid Hayden $33,000, which is the amount of its liability as fixed by the Policy, and Fidelity is not liable for additional or greater payment.

30. Denied. Fidelity has paid Hayden $33,000, which is the amount of its liability as fixed by the Policy, and Fidelity is not liable for additional or greater payment.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff on each Count of the Complaint, and award Defendant its costs of suit, and such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

31. Fidelity incorporates herein by reference ¶¶1-30 of this Answer.

32. The Complaint and each Count therein fail to state a cause of action upon which relief can be granted.

33. The Complaint and each Count therein are barred by the applicable statute of limitations.

34. Plaintiff has been paid all that it is due under the Policy.

35. Plaintiff's alleged damages are speculative.

36. The Policy does not permit recovery of consequential damages or for "loss of development potential."

37. Original process was not served in compliance with law.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff on each Count of the Complaint, and award Defendant its costs of suit, and such other and further relief as the Court deems just and proper.

Dated: May 31, 2024

Respectfully submitted,

/s/ James A. Willhite, Jr.

James A. Willhite, Jr. (ID #35954)
Fidelity National Law Group
1515 Market Street, Suite 1410
Philadelphia, PA 19102
Phone: (267) 608-1726
James.Willhite@fnf.com
Fax: (215) 241-8794
Attorneys for Defendant

James A. Willhite, Jr. (ID #35954)
Fidelity National Law Group
1515 Market Street, Suite 1410
Philadelphia, PA 19102
Phone: (267) 608-1726
Fax: (215) 241-8794
James.Willhite@fnf.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**HAYDEN HOLDINGS, LTD**

**Plaintiff,**

**vs.**

**NO. 2:24-CV-02204**

**FIDELITY NATIONAL TITLE INSURANCE COMPANY,**

**Defendant.**

**CERTIFICATE OF SERVICE**

I, James Willhite, hereby certify that a true and correct copy of the attached Answer to Complaint was served this 31st day of May, 2024, by email and first-class mail, on counsel for the parties listed below:

Michael D. Kristofco, Esq.
Wisler Pearlstine, LLP
460 Norristown Road, Suite 110
Blue Bell, PA 19422
*Attorney for Plaintiff*

/s/ James A. Willhite, Jr.

James Willhite