**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAYDEN HOLDINGS, LTD** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| **v.** | : | |
| | : | |
| **FIDELITY NATIONAL TITLE** | : | |
| **INSURANCE COMPANY** | : | **NO. 24-2204** |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this 6th day of May, 2025, upon consideration of Plaintiff's Motion to Exclude the Expert Report and Related Testimony of J. Bushnell Nielsen, J.D. (ECF No. 26) and the response thereto, and following oral argument on the Motion, it is hereby **ORDERED** as follows:

1. Plaintiff's request to exclude opinions and testimony relating to Defendant's good or bad faith is **GRANTED**.[1]

2. Plaintiff's request to exclude opinions and testimony relating to the interpretation of the title insurance policy at issue, including the purported special meaning or usage of any term in the title insurance industry, is **GRANTED**.[2]

---

[1] An "expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Brooks v. Trans Union LLC*, No. 22-48, 2024 WL 3625143, at *4 (E.D. Pa. Aug. 1, 2024) (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)). Defendant's good or bad faith is not relevant to the question of whether it breached the title insurance policy at issue. And Defendant has not raised any affirmative defense that it acted in good faith or that Plaintiff acted in bad faith.

[2] A contract term must be interpreted according to industry custom where that *term* "has a special meaning or usage in the industry[.]" *Pa. Envt'l. Def. Found. v. Commonwealth*, 255 A.3d 289, 304 (Pa. 2021) (quoting *Sunbeam Corp. v. Liberty Mut. Ins. Co.*, 781 A.2d 1189, 1193 (Pa. 2001)). Unlike other actions in which a court interpreted a contract according to industry custom, Defendant's brief does not identify any specific terms with special meaning or usage in the title insurance industry. *See Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, 579 F.3d

3. Plaintiff's request to exclude opinions and testimony relating to the appraisal of real estate is **GRANTED IN PART** and **DENIED IN PART**. To the extent such opinions and testimony rely on the purported special meaning or usage of any term in the title insurance industry, Plaintiff's request is granted. To the extent such opinions compare the merits of the Parties' valuation methods based on Nielsen's expertise, Plaintiff's request is denied.

BY THE COURT:

Hon. Mia R. Perez

304, 308–17 (3d Cir.), *am.*, 586 F.3d 1011 (3d Cir. 2009) (interpreting "expressly excepted"); *Gen. Refractories Co. v. First State Ins. Co.*, 855 F.3d 152 (3d Cir. 2017) (interpreting "arising out of" when used in an insurance exclusion); *Sunbeam*, 781 A.2d at 1193 (interpreting "sudden and accidental" in an insurance contract). And the terms it identified at oral argument do not mandate a single damages calculation. *Cf. Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 611802, at *25–26 (E.D. Pa. Feb. 17, 2011), *aff'd*, 687 F.3d 620 (3d Cir. 2012) (contractual provision limiting insurer liability by reference to "the difference between the value of the insured estate . . . as insured and the value of the insured estate . . . subject to the defect insured against by this policy" capable of multiple calculations).