**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAYDEN HOLDINGS, LTD** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| **v.** | : | |
| | : | |
| **FIDELITY NATIONAL TITLE** | : | |
| **INSURANCE COMPANY** | : | **NO. 24-2204** |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW,** this 4th day of September, 2025, upon consideration of Plaintiff's Uncontested Motion to Alter or Amend Judgment Pursuant to 59(e) (ECF No. 56), it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.[1]

---

[1] Motions for prejudgment interest are construed as motions to alter or amend the judgment under Rule 59(e). *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). "[U]nder Pennsylvania law, where a plaintiff prevails in a contract action pertaining to 'a definite sum,' prejudgment interest is available as a matter of right starting from when the amount due under the contract was initially withheld." *Travelers Cas. and Sur. Co. v. Ins. Co. of N.A.*, 609 F.3d 143, 172 (3d Cir. 2010). A sum is definite "if it is ascertainable from the terms of the contract." *Krishnan v. Cutler Grp., Inc.*, 171 A.3d 856, 874 (Pa. Super. Ct. 2017). Here, the sum due is sufficiently definite because it is ascertainable from the Policy. *See* ECF No. 56-2 at p. 4, ¶ 8(a) (providing the amount owed under the contract is the lesser of the "amount of insurance" or "the difference between the value of the Title as insured and the value of the Title subject to the risk insured against").

Pennsylvania law provides a statutory rate of interest at 6% per year. 41 P.S. § 202. It is undisputed that the amount owed under the contract was due on or before May 28, 2020, and Judgment was entered on May 29, 2025. Thus, Plaintiff is entitled to 5 years and 1 day of prejudgment interest at a rate of 6% per year, which totals to $320,275.40.

Additionally, Fed. R. Civ. P. 54(d)(1) provides that costs "should be allowed to the prevailing party." Plaintiff incurred $622.17 in filing fees, $4,703.86 in copying fees for exhibit binders

2. The Court's prior civil judgment is **AMENDED** by the addition of $320,275.40 in prejudgment interest and $6,839.71 in costs.

3. Judgment is therefore **ENTERED** in favor of Plaintiff Hayden Holdings Ltd and against Defendant Fidelity National Title Insurance Co. in the amount of $1,394,115.11.

BY THE COURT:

Hon. Mia R. Perez

required by the Court, and $1,513.68 in demonstrative fees, which were used at trial. Concluding that these costs are reasonable and recoverable under the law, the Court awards Plaintiff a total of $6,839.71 in costs. *See* 18 U.S.C. § 1920 (listing "fees of the clerk," "disbursements for printing," and the costs of materials "necessarily obtained for use in the case" as recoverable taxable costs).